1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              CENTRAL DISTRICT OF CALIFORNIA

10

11    DEWAYNE CARTER,                          Case No. 2:18-03396 GW (ADS)

12                          Plaintiff,

13                   v.                         **ORDER DISMISSING ACTION FOR
                                                FAILURE TO PROSECUTE AND
14    M. GRAY, et al.,                          COMPLY WITH COURT ORDERS**

                            Defendant.
15

16

17

18    I.       **INTRODUCTION**

19             Plaintiff Dewayne Carter ("Plaintiff"), a prisoner currently residing at Salinas

20    Valley State Prison and proceeding pro se, filed a Complaint under 42 U.S.C. § 1983.

21    [Dkt. No. 1].  On July 11, 2019, during screening of the Complaint, the Court dismissed

22    the Complaint and granted Plaintiff leave to file a First Amended Complaint by no later

23    than July 30, 2019 ("ODLA").  [Dkt. No. 11].  On October 4, 2019, the Court issued an

24    Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute and

1   Obey Court Orders ("OSC").  [Dkt. No. 12].  The OSC directed Plaintiff to respond by (a)

2   filing a First Amended Complaint or (b) filing a statement with the Court indicating the

3   desire to continue to move forward with the existing complaint despite its deficiencies.

4   [Dkt. No. 12].  Plaintiff did not do either, and instead, responded with a Request for

5   Extension of Time.  [Dkt. No. 13].  This Request, submitted on October 24, 2019,

6   acknowledged Plaintiff received the ODLA in July and understood the due date to file an

7   amended complaint was July 30.  [Dkt. No. 13].  Nevertheless, the Court granted the

8   Request, extending the deadline to November 29, 2019.  [Dkt. No. 14].  Plaintiff did not

9   file an amended complaint or inform the Court of a desire to proceed on the existing

10  complaint, but filed another Request for Extension of Time on December 11, 2019.  [Dkt.

11  No. 15].  The Court granted the Request with the warning that no further extensions of

12  time would be granted, ordering Plaintiff to file an amended complaint by January 15,

13  2020.  [Dkt. No. 16].  Plaintiff filed another Request for Extension of Time on January

14  21, 2020 [Dkt. No. 17], which the Court denied and advised Plaintiff that he would have

15  one last opportunity to file an amended complaint by no later than February 10, 2020.

16  [Dkt. No. 18].  The Court explicitly cautioned Plaintiff that failing to file an amended

17  complaint would result in the Court recommending dismissal.  [Id.].  For the fourth

18  time, Plaintiff did not file an amended complaint, but filed another Request for

19  Extension of Time on February 14, 2020, which was denied.  [Dkt. Nos. 19, 20].

20  **II.    DISCUSSION**

21       Dismissal of this action is warranted due to Plaintiff's failure to prosecute the

22  case and comply with court orders.  The Court has the inherent power to achieve the

23  orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R.

24  Civ. P. 41(b) for failure to prosecute and failure to comply with a court order.  See Link v.

1  Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291

2  F.3d 639, 640 (9th Cir. 2002).  The Court weighs the following factors when

3  determining whether to dismiss an action for failure to comply with a court order or

4  failure to prosecute: (1) the public's interest in the expeditious resolution of litigation;

5  (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant;

6  (4) the public policy favoring disposition of cases on their merits; and (5) the availability

7  of less drastic sanctions.  Pagtalunan, 291 F.3d at 642.

8        Here, the first, second, third, and fifth factors weigh in favor of dismissal.  First,

9  Plaintiff has barely engaged with this case since July 11, 2019.  The four Requests for

10  Extension of Time by Plaintiff are cursory requests with little detail.  Plaintiff repeatedly

11  complains of missing property, but gives no explanation of how that has prevented him

12  from filing an amended complaint.  Further, Plaintiff's multiple Requests for Extension

13  off Time show an inability to comply with Court orders, as Plaintiff was advised multiple

14  times he needed to respond by either filing an amended complaint or informing the

15  Court of a desire to proceed on the existing complaint.  [Dkt. Nos. 11, 12, 14, 16, 18].

16  Plaintiff also continued to file Requests for Extension of Time when he was explicitly

17  warned no further extensions would be granted.  [Dkt. Nos. 16, 17, 18, 19].  This failure

18  to obey court orders and prosecute the case has interfered with the public's interest in

19  the expeditious resolution of this litigation and the Court's need to manage its docket.

20  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's

21  interest in expeditious resolution of litigation always favors dismissal[.]").  Second,

22  Plaintiff has failed to rebut the presumption that defendants have been prejudiced by

23  this unreasonable delay.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("[T]he law

24  presumes injury from unreasonable delay[.]") (quoting Anderson v. Air West, Inc., 542

1   F.2d 522, 524 (9th Cir. 1976)).  Third, there is no less drastic sanction available as the

2   Court has warned Plaintiff multiple times that the case would be dismissed.

3   Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal.

4   See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("[T]he district court

5   need not exhaust every sanction short of dismissal before finally dismissing a case, but

6   must explore possible and meaningful alternatives[.]").  Finally, although the fourth

7   factor always weighs against dismissal, here Plaintiff's failure to discharge his

8   responsibility to move the case towards a disposition outweighs the public policy

9   favoring disposition on the merits.  Morris v. Morgan Stanley Co., 942 F.2d 648, 652

10  (9th Cir. 1991) ("[A]lthough there is indeed a policy favoring disposition on the merits, it

11  is the responsibility of the moving party to move towards that disposition at a

12  reasonable pace, and to refrain from dilatory and evasive tactics[.]").  Having weighed

13  these factors, the Court finds that dismissal of this action pursuant to Federal Rule of

14  Civil Procedure 41(b) is warranted.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

4

III.   **CONCLUSION**

Accordingly, this action is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).  Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: July 8, 2020

_____
THE HONORABLE GEORGE H. WU
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge